IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| REBECCA KITCHENS, | 8:24-CV-37 |
| Plaintiff, | |
| vs. | COMPLAINT |
| COMMUNITY ACTION PARTNERSHIP OF WESTERN NEBRASKA, THE UNITED STATES OF AMERICA, BARTON & ASSOCIATES, INC., and MARY OYELEYE, DMD. | |
| Defendants. | |

COMES NOW Plaintiff, Rebecca Kitchens and for her cause of action against the Defendants, states and alleges as follows:

1.      At all relevant times, Plaintiff was a resident of Mitchell, Scotts Bluff County, Nebraska.

2.      Defendant Community Action Partnership of Western Nebraska (CAPWN) is a domestic non-profit organization, incorporated under and pursuant to the laws of the State of Nebraska, operating medical facilities in Gering, Scotts Bluff County, Nebraska, and pursuant to 42 U.S.C. § 233 (c), employed dentists and other health care professionals.

3.      Defendant United States of America (USA), through its duties to the citizens of the United States, funds or assists in funding the operation of Defendant CAPWN's medical facility in Gering, Nebraska, and employed medical contractors such as Mary Oyeleye, DMD, who at all times relevant was acting within the course and scope of her employment with Defendants.

4.      Defendant Barton & Associates, Inc. (Barton), has a principal place of

business in Peabody, Massachusetts, and is incorporated under the laws of Delaware. Defendant Barton holds itself out to the public as a health care servicing corporation furnishing staff who provide care, treatment, and attention to patients, for a fee, while assuming a duty of exercising reasonable care towards patients in the rendering of such services. Defendant Barton employed administrators, dentists, nurses, assistants, technicians, and other agents to provide health care services at the CAPWN facility.

5.      Defendant Mary Oyeleye, DMD (Oyeleye), was an employee, agent, or apparent agent of Defendants CAPWN, Barton, and/or USA. Defendant Oyeleye's responsibilities were to provide dental care to patients such as the Plaintiff in the CAPWN facility.

6.      At all times relevant, Defendant Oyeleye was an employee, agent, or apparent agent of Defendants CAPWN, Barton, and/or USA and was acting within the course and scope of her employment, and Defendant Oyele is therefore considered an employee of such Defendants under the laws of the State of Nebraska. Defendants CAPWN, Barton, and/or USA held themselves out to the public as providing medical procedures, care, and attention to patients for a fee, while assuming a duty of reasonable care toward patients in the rendition of medical services.

7.      This action is brought, in part, pursuant to federal law, including and not limited to the Federal Tort Claims Act 28 U.S.C. § 2675 and 28 U.S.C. § 1346 in which the United States District Court shall have original jurisdiction over all civil actions arising under the Constitution, law, or treaties of the United States.

8.      On July 17, 2023, Plaintiff filed an Administrative Tort Claim against the United States Department of Health and Human Services (DHHS) pursuant to the Federal Tort Claims Act, codified at 28 USC § 2675.

9.      Plaintiff received denial of the Administrative Tort Claim on November 8, 2023, and was issued six months from the date of mailing to file a written request for reconsideration or to file suit against Defendant USA in the appropriate federal district court.

10.     Plaintiff properly withdrew her federal tort claim on December 12, 2023.

11.     The United States District Court has jurisdiction over civil actions brought pursuant to federal diversity of citizenship of the parties 28 U.S.C. §1332, as Defendants Barton and Oyeleye are citizens of different States and the amount in

controversy exceeds $75,000.00.  Additionally, The United States District Court has supplemental jurisdiction under 28 U.S.C. § 1367(a) over these Defendants.

12.    The United States District Court has supplemental jurisdiction under 28 U.S.C. § 1367(a) over Plaintiff's claim against Defendant CAPWN because such claim is so related to Plaintiff's claims against Defendants Barton, Oyeleye, and USA that such claims form part of the same case or controversy.

## STATEMENT OF THE CASE

13.    On January 3, 2023, Plaintiff Rebecca Kitchens was seen at the CAPWN medical facility located at 975 Cresent Drive, Gering, Nebraska for complaints of tooth pain.

14.    At the CAPWN facility, Defendant Oyeleye performed an intraoral examination and took radiograph studies of the Plaintiff's jaw. Defendant Oyeleye determined tooth #14 had a large distal cavitation, percussion, and periapical lesion, and Defendant Oyeleye concluded that tooth #14 was not restorable.

15.    During that visit, Defendant Oyeleye extracted tooth #14 but did not provide Plaintiff with any pharmaceutical coverage for infection, did not inform Plaintiff of any symptoms to be on the watch for, and did not schedule any follow-up care.

16.    Plaintiff informed the CAPWN facility after the tooth was removed of pain that she was experiencing in the area of the extraction. Plaintiff was informed by clinic staff that it was normal and that Defendant Oyeleye would not see her until six to eight weeks out from the extraction.

17.     On January 23, 2023, Plaintiff was seen at a urgent care medical clinic complaining of excessive sinus congestion, drainage, and headaches.  Plaintiff was diagnosed with acute sinusitis, was administered antibiotics, and was referred to care of ear, nose, and throat physician James Massey, M.D.

18.    Dr. Massey informed Plaintiff that she had developed dental abscesses in

her jaw and sinus. Plaintiff's dental abscesses required endoscopic ethmoid antrostomy surgery.

19.     As a direct and proximate result of the negligence of the Defendants CAPWN, Barton, USA, and Oyeleye, Plaintiff suffered extreme pain for months and faced severe injury due to the development of severe sinusitis. Defendants CAPWN, Barton, USA, and Oyeleye breached the standard of care in performing the tooth extraction while Plaintiff had an apparent abscess adjacent to the tooth, failed to provide proper therapeutic treatment, and failed to engage in any follow up care with Plaintiff.

20.     Each of the Defendants, and/or their employees, agent(s), or apparent agent(s), failed to exercise reasonable and ordinary care, skill, and diligence, departing from the generally accepted and recognized standard of care for the community in the treatment of Plaintiff, and were negligent in performing their duties in one or more of the following particulars:

     a.     In failing to implement policies and procedures sufficient to provide adequate care, assistance, and treatment for patients like the Plaintiff;

     b.     In failing to properly train, direct, and supervise employees and agents and/or apparent agents in the proper method of providing dental care;

     c.     In failing to properly ensure treatment was appropriate;

     d.     In failing to address a tooth root abscesses prior to extraction;

     e.     Extracting a tooth without care for infection and leaving a patient with increased susceptibility to sinusitis, and

     f.     In failing to perform any after-care with the Plaintiff.

21.     As a matter of law, the negligent acts and/or omissions of any employees, agents or apparent agents are imputed to these Defendants by virtue of the doctrine of respondent superior and therefore each Defendant is vicariously liable for all such acts of negligence committed by their employees, agents or apparent agents. Defendants CAPWN, Barton, USA, and Oyeleye are jointly and severally liable for any and all negligent acts, failures, and losses.

DAMAGES

22.    As a direct and proximate result of the negligence of Defendants and/or each of them as set forth above, Plaintiff has sustained the following damages:

      a.     The reasonable value of medical care and supplies reasonably needed and provided to her in the past and reasonably certain to be needed and provided to her in the future;

      b.     The reasonable value of the wages lost by the Plaintiff;

      c.     The reasonable value of the physical pain, disfigurement, mental suffering, and emotional distress the Plaintiff has experienced in the past and is reasonably certain to experience in the future;

      d.     The reasonable monetary value of the inconvenience the Plaintiff has experienced in the past and is reasonably certain to experience in the future; and

      f.     The reasonable value of any humiliation the Plaintiff experienced in the past or is reasonably certain to experience in the future.

23.    As a matter of law, Defendants are jointly and severally liable for any and all damages and harm caused to the Plaintiff.

WHEREFORE, Plaintiff prays for judgment against the Defendants, jointly and severally, for special and general damages that will fairly and adequately compensate her for injuries, past and future medical expenses, loss of quality of life, past and future pain and suffering, humiliation, lost wages, and such other items of general damages that may have been caused by the acts of the Defendants, with interest thereon together with her costs and attorney's fees as permitted by law.

Dated this 31st day of January 2024.

REBECCA KITCHENS,
Plaintiff.

BY: *Jeffrey P. Welch*
 Jeffrey Welch, #20184
Gross Welch Marks Clare PC LLO
2120 So. 72nd St., Ste. 1500
Omaha, NE 68124
Telephone:  (402) 392-1500
Facsimile:   (402) 392-8101
jwelch@gwmcLaw.com
Attorney for Plaintiff