IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| REBECCA KITCHENS,<br><br>                Plaintiff,<br><br>vs.<br><br>THE UNITED STATES OF AMERICA, and MARY OYELEYE, DMD,<br><br>                Defendants. | **8:24CV37**<br><br>**MEMORANDUM AND ORDER** |

This matter comes before the Court on Defendant's, Mary Oyeleye's, motion to set aside the Court's order, Filing No. 43, and objection, Filing No. 44.  For the reasons set forth herein, the objection is denied.  Plaintiff is ordered to file an affidavit in support of her motion to serve by publication, and the Court will rule on the motion to set aside once such affidavit is filed.

    **I.**      **BACKGROUND**

This case is in its early stages.  Plaintiff, Rebecca Kitchens, filed suit on January 31, 2024, against the United States and Mary Oyeleye, DMD, among others, alleging negligence under the Federal Tort Claims Act in relation to dental care she received at a federally funded medical facility.  Filing No. 1.  To date, Kitchens has been unable to perfect service on Oyeleye, despite numerous attempts.  Kitchens's counsel has attempted to serve Oyeleye by searching dental business listings for a current address, by contacting Oyeleye's contracting company, and by attempting service by mail at two different addresses which were returned with no available forwarding information.  Filing No. 39; Filing No. 39-1.

On May 2, 2024, Kitchens filed a motion to extend the time in which to serve Oyeleye. Filing No. 39.  She noted her diligence in attempting to serve Oyeleye and sought additional

time to perfect service. Filing No. 39 at 2. The appointed special master granted Kitchens's motion for an additional 45 days in which to serve Oyeleye. Filing No. 40, text order.

On May 3, 2024, Kitchens filed a motion to serve Oyeleye by publication. Filing No. 41. The appointed special master granted the motion. Filing No. 42.

## II.     ANALYSIS

Oyeleye has specially appeared to object to service of process. She has filed a motion to set aside the order granting leave to serve by publication, Filing No. 43, and an objection to the special master's order extending the time to serve, Filing No. 44.

Under the Order Appointing Master in this case, Filing No. 34 at 3, and Federal Rule of Civil Procedure 53(f), the Court reviews orders from the special master de novo as to both factual findings and legal conclusions.

As to the time limit for service, Federal Rule of Civil Procedure 4 states as follows:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

As to service by publication, Federal Rule of Civil Procedure 4(e) states that a plaintiff may serve a defendant by following the law of the state in which the district court is located, in this case, Nebraska. Nebraska law permits service by "[u]pon motion and showing by affidavit that service cannot be made with reasonable diligence by any other method provided by statute." Neb. Rev. Stat. § 25-517.02.

Oyeleye argues the Court should have dismissed the complaint against her because more than ninety days have elapsed before she was served. Filing No. 43 at 1; Filing No. 44 at 1. However, dismissal for failure to prosecute under Rule 4(m) is not automatic—the

rule requires the Court to give a plaintiff additional time for "good cause for the failure [to timely serve]." Fed. R. Civ. P. 4(m).  Here, Kitchens documented her numerous, diligent attempts to serve Oyeleye, thereby demonstrating good cause to extend the time to serve.

Kitchens's motion to extend service and motion to serve by publication both asserted her inability to locate a valid address for service of process for Oyeleye; circumstances which would warrant service by publication.  However, the statute requires that a showing of alternate service be made "by affidavit."  Neb. Rev. Stat. § 25-517.02.  Here, Kitchens's motion for alternate service was not supported by an affidavit.  *See* Filing No. 41.  Accordingly, Kitchens is ordered not to commence service by publication and to file an affidavit in support of her request to serve by publication.  After receiving the affidavit, the Court will rule on the motion to set aside the order allowing service by publication.  Filing No. 43.

IT IS ORDERED:

1. Defendant's objection, Filing No. 44, is denied.
2. Plaintiff is ordered to file an affidavit in support of her motion for alternate service at which time the Court will rule on Defendant's motion to set aside, Filing No. 43.

Dated this 10th day of May, 2024.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge