IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| REBECCA KITCHENS, <br><br> Plaintiff, <br><br> vs. <br><br> THE UNITED STATES OF AMERICA, and MARY OYELEYE, DMD; <br><br> Defendants. | 8:24CV37 <br><br> ORDER |

This matter is before the Court on Plaintiff Kitchens's Motion for Leave to Conduct Discovery. Filing No. 52. This case involves Plaintiff's complaint against the defendants under the Federal Tort Claims Act, 28 U.S.C. § 2675 and 28 U.S.C. § 1346, for injuries Plaintiff alleges she suffered because of a dental procedure. Filing No. 1. Defendants have filed a motion to dismiss claiming lack of subject-matter jurisdiction. Filing No. 35. Kitchens seeks leave to conduct limited discovery as to subject-matter jurisdiction. Filing No. 52. Defendants have opposed Plaintiff's motion for leave. Filing No. 59. For the reasons set forth herein, the Court grants Plaintiff's motion for leave.

I.   **LEGAL STANDARD**

A Rule 12(b)(1) motion challenges a court's subject-matter jurisdiction. *See* Fed. R. Civ. P. 12(b)(1). When a moving party makes a factual attack on the court's subject-matter jurisdiction, the district court may look outside the pleadings and weigh evidence. *Two Eagle v. United States*, 57 F.4th 616, 620 (8th Cir. 2023). "Trial courts have wide discretion to . . . resolve disputed jurisdictional facts under Rule 12(b)(1)." *Johnson v. United States*, 534 F.3d 958, 964 (8th Cir. 2008). The mode of determination for an issue of jurisdiction is "left to the trial court." *Id.* Discovery prior to a court ruling on a motion to

1

dismiss for subject-matter jurisdiction is "often advisable." *Dorrah v. United States*, No. 11-CV-04070-DEO, 2012 WL 860323, at *2 (N.D. Iowa Mar. 13, 2012).

## II. CONCLUSION

The Court has wide discretion to resolve disputed jurisdictional facts that would bear on a motion to dismiss under Rule 12(b)(1). As part of that discretion, the Court can order discovery to resolve disputed jurisdictional facts.

**THEREFORE, IT IS ORDERED THAT**

1. Plaintiff's motion for leave to conduct discovery, Filing No. 52, is granted.
2. For the purposes of establishing subject-matter jurisdiction, the Court grants limited document production of the following:
   a. Dr. Oyeleye's complete file with CAPWN, including any recruiting, onboarding, staffing, discipline, credentialing, and licensing information;
   b. All of CAPWN's phone, patient, and personnel records from January 1, 2023, to January 31, 2023 as they relate to Kitchens;
   c. CAPWN's written materials regarding patient follow up, referrals, and infection protocols; and
   d. CAPWN's written materials provided to patients for follow up and warning signs and symptoms of adverse issues.
3. For the purposes of establishing subject-matter jurisdiction, the Court grants limited interrogatories inquiring into the following:
   a. Ownership of dental equipment at CAPWN;
   b. Ownership of dental supplies at CAPWN;
   c. Method of scheduling appointments for Dr. Oyeleye at CAPWN; and

    d. Identity of any CAPWN clinic staff who spoke with Kitchens before or after the extraction.

4. For the purposes of establishing subject-matter jurisdiction, the Court grants no more than three depositions of CAPWN staff relating to the care and treatment, as well as any follow-up care, provided to Kitchens.

5. The parties must complete the discovery ordered for the purposes of subject-matter jurisdiction within 60 days.

Dated this 9th day of October, 2024.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge